UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNY S. PARTIN,

    Plaintiff,                                             Case No: 1:09-cv-368

v                                                   HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                   /

**OPINION AND ORDER**

       Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration, which denied plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 12), recommending that this Court reverse the Commissioner's decision and remand for the payment of benefits. The matter is presently before the Court on Defendant's Objections to the R & R (Dkt 13). Plaintiff has filed a Response (Dkt 14). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

       Defendant argues that the Magistrate Judge erred in concluding that the decision of the Administrative Law Judge (ALJ) was not supported by substantial evidence. Defendant specifically challenges the finding that the record fails to support the ALJ's conclusion that plaintiff can frequently use his left arm to lift and/or carry five pounds or use it on a sustained basis to perform other work-related activities, or could occasionally or ever crawl given the extent and severity of

the damage to his upper extremity (Obj. at 1-2). Defendant takes issue with the evidence cited by the Magistrate Judge to support her conclusion, and her reliance on the Department of Veterans Affairs (VA) finding that plaintiff is 100 percent disabled. Defendant argues that because substantial evidence supported the ALJ's residual functional capacity (RFC) finding, and the ALJ reasonably accommodated all of plaintiff's impairments, his decision should be upheld.

The Court is unpersuaded by defendant's argument. Contrary to defendant's assertion, Dr. Gatz did not simply opine in February 2006 that plaintiff "*could perform* prolonged heavy carrying of weights below 45 pounds" (Obj. at 2, citing Tr. 334 (emphasis added)). Rather, Dr. Gatz stated in part that plaintiff "certainly *cannot* perform any heavy lifting up to 70 pounds and no prolonged heavy carrying of 45 pounds or over" (Tr. 334, emphasis added). Dr. Gatz further stated:

> [Plaintiff] is unable to repeatedly reach above his shoulders. Repetitive use of hands or arms is also limited due to his problem with back pain and scapulothoracic arthritis which has been long-standing. He has had a few operations on his shoulder which is all documented in his medical chart and documented by his orthopedic notes. This patient's physical condition has gradually deteriorated and reached the point that his is unable to perform several of his regular job requirements as outlined above.

(*Id.*)

The Magistrate Judge correctly noted that plaintiff's medical chart included a "no push/pull or carry" work restriction on plaintiff (Tr. 196). Additionally, the Magistrate Judge's conclusion that plaintiff's subjective allegations of pain and disability were consistent with the record is soundly supported by the evidence. Contrary to defendant's argument, this conclusion is not undermined by the mention in plaintiff's medical records that he developed a rash from clearing some trees for a family member, particularly absent some affirmative indication of the nature of plaintiff's involvement in this activity.

Viewing the record evidence as a whole, and taking into account whatever *fairly* detracts from its weight,[1] the Magistrate Judge properly found that the ALJ's RFC determination was not supported by substantial evidence. To the extent that defendant challenges the Magistrate Judge's reliance on the VA's determination that plaintiff was 100 percent disabled, the Court finds the challenge without merit. Plaintiff agrees that the ALJ is not bound by the VA's determination; however, as plaintiff points out, the law requires that the VA findings be taken into consideration. *See* 20 CFR § 404.1504 (decision not binding) and SSR 06-03p, at *6 ("evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered'); *see also Stewart v. Heckler*, 730 F.2d 1065, 1068 (6th Cir. 1984) (noting a Veterans Administration "total disability" finding in awarding social security benefits). As plaintiff further points out, in this case the VA listed six diagnoses, five of which apparently were not taken into account by the ALJ, but which the VA found to constitute 90 percent of plaintiff's disability.[2]

Given the record evidence and the circumstances presented, the Court finds no error in the Magistrate Judge's determination that compelling evidence exists that plaintiff is disabled and therefore is entitled to an award of benefits. In light of the record and the above determinations, the vocational expert's testimony did not establish that plaintiff is able to perform other work as found by the ALJ.

Accordingly:

---

[1] "[T]he 'substantiality of the evidence must take into account whatever in the record fairly detracts from its weight.'" *Richardson v. Sec'y of Health & Human Servs.,* 735 F.2d 962, 963-64 (6th Cir. 1984).

[2] The record additionally reflects that the U.S. Postal Service determined plaintiff to be totally disabled from his employment at the Postal Service (AR 641, 650).

**IT IS HEREBY ORDERED** that the Objections (Dkt 13) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is REVERSED, and this matter is REMANDED for payment of benefits.

A Judgment will be entered consistent with this Opinion and Order.


Dated:   September 22, 2010     /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge