UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONNY PARTIN,

        Plaintiff,                              Hon. Ellen S. Carmody

v.                                                Case No. 1:09-cv-368

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff Counsel's Motion for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act</u>. (Dkt. #20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part** as detailed herein.

On July 27, 2010, the undersigned recommended that the Commissioner's decision be reversed and this matter be remanded for the payment of benefits. (Dkt. #12). This recommendation was adopted by the Honorable Janet T. Neff. (Dkt. 15-16). Plaintiff's counsel now requests "an award of attorney's fees in the amount of 25% of Plaintiff's overdue benefits to be paid directly to plaintiff for 42.5 hours of work on this case in federal court."

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds

that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

As previously noted, the Commissioner's decision was reversed and this matter remanded for payment of benefits. Defendant has apparently conceded that the Commissioner's decision in this matter was not substantially justified and instead argues only that counsel's fee request is excessive. The undersigned agrees. First, to the extent that counsel seeks an award of fees under the EAJA based on the amount of past due benefits awarded to Plaintiff, such is inappropriate. As discussed below, fees under the EAJA are calculated on an hourly basis and do not take into consideration any past due benefits awarded to a claimant.

In his application, Plaintiff's counsel requests fees for the entire 42.5 hours he expended in this action. As counsel acknowledges, however, only 14.5 hours of this time reflects work undertaken before this Court, the remainder reflecting work performed in the administrative proceedings below. As Defendant correctly asserts, counsel cannot recover under the EAJA fees for work undertaken in such administrative proceedings unless they are conducted pursuant to court remand which is not the case in this

instance. *See Sullivan v. Hudson*, 490 U.S. 877, 891-93 (1989); *Rice v. Astrue*, 609 F.3d 831, 835 n.15 (5th Cir. 2010); *Caylor v. Astrue*, 2011 WL 111736 at *2 (M.D. Fla., Jan. 13, 2011). Thus, counsel is entitled to recover under the EAJA fees for the 14.5 hours expended before this Court.

Counsel requests that he be awarded fees at the hourly rate of $196.50. While the Court finds the number of hours expended by counsel to be reasonable, the hourly rate upon which his claim is based is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Counsel bears the burden of "producing appropriate evidence" to support a request for fees at a rate greater than that provided for by statute. *See Bryant v. Commissioner of Social Security*, 578 F.3d 443, 449-50 (6th Cir., Aug. 24, 2009). Specifically, counsel "must 'produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Counsel has failed to carry his burden in this regard. Moreover, the Court finds that neither "an increase in the cost of living or a special factor. . .justifies a higher fee" in this instance. Accordingly, the undersigned recommends that counsel's award be based upon an hourly rate of $125. Thus, the undersigned recommends that counsel be awarded fees and costs in the amount of $1,812.50 ($125 multiplied by 14.5 hours).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff Counsel's Motion for Attorneys Fees and Costs Pursuant to the Equal Access to Justice Act</u>, (dkt. #20), be **granted in part and denied in part**. Specifically, the undersigned recommends that counsel be awarded fees and costs in the amount of $1,812.50.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                 Respectfully submitted,

Date: March 2, 2011                                     /s/ Ellen S. Carmody
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge