UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNY PARTIN,

               Plaintiff,                    Hon. Janet T. Neff

v.                                         Case No.  1:09-cv-368

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b). (Dkt. #27). Plaintiff's counsel seeks $11,417.50 in fees. Defendant has indicated that he "does not object" to counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part** as detailed herein.

On July 27, 2010, the undersigned recommended that the Commissioner's decision be reversed and this matter be remanded for the payment of benefits. (Dkt. #12). This recommendation was adopted by the Honorable Janet T. Neff. (Dkt. 15-16). Accordingly, this matter was remanded to the Commissioner for an award of benefits. Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered. (Dkt. #17). According to this fee arrangement, Plaintiff agreed to pay counsel a fee equal to "twenty-five percent (25%) of all past due benefits" if Plaintiff's claim was not resolved at the administrative hearing level. *Id.*

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part

of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  The amount requested is equal to twenty-five percent of Plaintiff's past-due benefits award.

While counsel's fee agreement entitles him to the amount requested, this amount must also be reduced by $1,812.50 (the amount counsel was previously awarded pursuant to the Equal Access to Justice Act).  *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").

Accordingly, the undersigned recommends that the present motion be **granted in part and denied in part** and that counsel be awarded nine-thousand six-hundred five dollars ($9,605.00) in fees and costs pursuant to 42 U.S.C. § 406(b).

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>, (dkt. #27), be **granted in part and denied in part**.  Specifically, the undersigned recommends that counsel be awarded fees and costs in the amount of nine-thousand six-hundred five dollars ($9,605.00).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  August 31, 2011                                  /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge

-3-